IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEREK GRAY, #47323                                                   PETITIONER

VS.                                               CIVIL ACTION NO.  3:10cv411-TSL-FKB

CHRISTOPHER EPPS                                                    RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on the Respondent's Motion to Dismiss (Docket No. 13) pursuant to 28 U.S.C. § 2244(d).  The Petitioner has not responded.  For the reasons explained below, the Motion to Dismiss is **granted**.

<u>FACTS AND PROCEDURAL HISTORY</u>

On June 11, 2004, Gray was convicted of one (1) count of "possession of cocaine in an amount greater than 30 grams" in the Circuit Court of Hinds County, Mississippi.  He was subsequently sentenced on July 21, 2004, as a habitual offender to serve life in the custody of the Mississippi Department of Corrections.  Gray appealed his conviction and sentence to the Mississippi Court of Appeals, which affirmed the judgment of the Circuit Court in a written opinion on April 25, 2006.  <u>Gray v. State</u>, 926 So. 2d 961 (Miss. Ct. App. 2006), <u>reh'g</u> <u>denied</u>, Nov. 14, 2006.  Gray did not file a petition for writ of certiorari to the Mississippi Supreme Court.  Accordingly, his conviction became final fourteen (14) days after his petition for rehearing was denied, on or November 28, 2006.  The State submits that no application for post-conviction relief was filed by November 28, 2007, one year from the date his conviction became final.

However, the State does present evidence that Gray filed an application to proceed in the trial court with a Motion for post-conviction relief on May 13, 2009.  <u>See</u> State's Exhibit C.  Gray's application was denied by an order filed July 29, 2009.  State's Exhibit D.  The State also noted that between 2006 and 2009 Petitioner had another case pending in the Mississippi Supreme Court, case number 2006-M-00821, that contained various motions and mandamus petitions. <u>See</u> State's Exhibit E.

The State submits, however, that none of these motions constituted a properly filed motion for post-conviction relief that would toll the statute of limitations in this case.

DISCUSSION

In his petition, Gray asserts eighteen separate bases for relief in support of his argument that a writ of habeas corpus should be granted in his favor. The State answered Gray's petition with a Motion to Dismiss, arguing that his petition was untimely.   Because the Court agrees with the State's argument and finds that Gray's petition was untimely filed, it will not address the merits of his petition.

Turning to the State's Motion to Dismiss, the State points to the revised 28 U.S.C. § 2244(d) as the source of its position.  Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition.  Because Gray filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition.  Asserting that Gray's petition does not

fall into any of the exceptions listed in § 2244(d)(1)(B-D), the State argues that the petition is untimely. According to the State, Gray had until November 28, 2007, to file his petition, and, instead, Gray's unsigned petition was stamp-filed in the District Court on July 26, 2010.[1]  A review of the relevant dates shows that the State is correct.

Gray's conviction became final on November 28, 2006, fourteen days after his petition for rehearing on his direct appeal of his conviction was denied in state court.  Under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), Gray's application for a writ of habeas corpus was due within one year in this Court, or by November 28, 2007.  Gray's petition was received and filed in this Court on July 26, 2010. Thus, the petition was filed over two and one-half years late.  Although Gray did file an application to proceed in the trial court with a motion for post-conviction relief on May 13, 2009, this filing did not operate to toll the federal statute of limitations because the federal statute of limitations had already expired on November 28, 2007.  Furthermore, as argued by the State, and not countered by the Petitioner, Gray's 2006 to 2009 filings in state court case number 2006-M-00821 do not qualify as a "properly filed" motion for post-conviction relief that would toll the federal statute of limitations. Accordingly, because Gray's petition was not filed in the district court by November 28, 2007, because his state court filings did not operate to toll the federal statute of limitations, and because he cites no "rare and exceptional circumstances" justifying equitable tolling[2], his petition is untimely

---

[1] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.  See United States v. O'Kaine, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)."  Punch v. State of Louisiana, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

[2] "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999)(quoting Rashidi v. American President Lines, 96 F.3d 124 128 (5th Cir. 1996).  "Equitable tolling will be granted in 'rare and exceptional circumstances, ' and will not be granted if the applicant failed to diligently pursue his rights." Larry v. Dretke, 361 F.3d 890, 897 (5th

under 28 U.S.C. § 2244, and, therefore, must be dismissed.

<u>CONCLUSION</u>

Accordingly, for the reasons stated above, the Respondent's Motion to Dismiss should be **granted**, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 25th day of April, 2011.


        /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

Cir. 2004)(citations omitted); <u>see</u> <u>also</u> <u>Coleman v. Johnson</u>, 184 F.3d 398 (5th Cir. 1999)(In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.).  Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.  <u>Larry v. Dretke</u>, 361 F.3d at 897.